UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-175-TBR

JOSHUA HUNT                                                                         PLAINTIFF

v.

BANK OF AMERICA, N.A.                                                       DEFENDANT

## Memorandum Opinion & Order

This matter is before the Court upon motion by Defendant, Bank of America, N.A. ("BANA"), for abstention (DN 5) and by Plaintiff, Joshua Hunt, to amend his complaint (DN 8). Both motions are ripe for review. Having reviewed the parties' submissions, and being otherwise sufficiently advised, Plaintiff's motion to amend his complaint (DN 8) is **GRANTED** and Defendant's motion for abstention (DN 5) is **DENIED.**

## Background

The factual allegations as set out in the Complaint, [DN 1], and taken as true are as follows.[1] Plaintiff, Joshua Hunt, is an active-duty member of the U.S. military currently stationed at Fort Campbell in Kentucky. (DN 8-1 at 1). Defendant, Bank of America, N.A. ("BANA"), is a national bank headquartered in Charlotte, North Carolina. *Id.* Although Plaintiff currently resides in Christian County, Kentucky, he owns a house in North Carolina. *Id.* at 1-2. Defendant holds the first mortgage on Plaintiff's North Carolina house. *Id.* at 2. Plaintiff alleges that Defendant agreed to defer or suspend Plaintiff's payment obligations on the North Carolina property until January

---

[1] *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) ("All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.").

2020 pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.* and Defendant's Supplemental Military Benefits. *Id.* Plaintiff further alleges that Defendant's representatives repeatedly assured him that Plaintiff did not need to make any payment on the property until January 2020. *Id.*

On August 9, 2017, Defendant brought a foreclosure action against Plaintiff in North Carolina state court. *Id.* at 3. In addition to the foreclosure proceeding, Defendant reported negative credit information concerning Plaintiff to one or more consumer reporting agencies. *Id.* Upon learning of the negative credit reporting, Plaintiff sent dispute letters to the three major consumer reporting agencies: Equifax Information Services, LLC; Experian Information Solutions, Inc.; and Trans Union, LLC. *Id.* Plaintiff argues that—because of these dispute letters—Defendant was required to conduct a reasonable investigation of Plaintiff's disputes but failed to do so. *Id.* at 4. Plaintiff's consumer reports continue to include the negative information that Defendant reported to the credit reporting agencies. *Id.* Plaintiff claims that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") by, *inter alia*, failing to conduct a proper investigation of Plaintiff's disputes filed with Equifax, Experian, and Trans Union. *Id.*

**Discussion**

**(I)     Motion to Amend.**

Plaintiff seeks to amend his complaint to eliminate all of Plaintiff's state-law claims, leaving only the federal-law claim for violation of the Fair Credit Reporting Act ("FCRA"). Defendant has filed a notice with the Court that it does not oppose Plaintiff's motion to amend. (DN 11). Federal

2

Rule of Civil Procedure 15(a)(2) provides: "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Because Defendant does not oppose the motion, the Court **GRANTS** Plaintiff's motion for leave to file his amended complaint. (DN 8).

The Court also grants Defendant's request that the Court extend the time for it to respond to the amended complaint. Defendant shall have twenty-one days from the date that Plaintiff effectuates service of the First Amended Complaint to respond. Furthermore, the Court will rule on Defendant's motion for abstention as if it were filed against the amended complaint because Defendant requests the Court to do so and because Plaintiff limited his opposition to the motion to the FCRA claim.

**(II)  Motion for Abstention.**

Defendant moves the Court to abstain from exercising jurisdiction over this case pursuant to the *Younger* and *Colorado River* abstention doctrines.[2] As a general rule, federal courts are "obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 187 L. Ed. 2d 505 (2013). Although there are

---

[2] Defendant moves the Court to "abstain from exercising its jurisdiction and dismiss this action in deference to the parallel state-court foreclosure action." (DN 5). Even if it were proper to abstain from exercising jurisdiction in this case, it would be inappropriate to dismiss the case; a stay would be a more appropriate action. "[T]he authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996). The Supreme Court has implied, however, that when a lawsuit seeks damages rather than equitable relief, dismissal or remand is inappropriate. *Id.* at 721. Instead, a stay is the appropriate remedy. *Id.* ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."). In this case, however, abstention is unwarranted and therefore neither a stay nor a dismissal is proper.

circumstances that warrant abstention, such circumstances represent a narrow exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citation omitted). The Court will address each abstention doctrine individually.

### a. *Younger* **Abstention.**

"*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. University of Kentucky*, 860 F. 3d 365, 368 (6th Cir. 2017) (citing *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)). The Supreme Court has explained, however, that *Younger* abstention is not limited to state criminal proceedings. *Younger* abstention may only apply to the following three categories of proceedings: (1) when there is an ongoing state criminal prosecution, (2) when state civil enforcement proceedings that "are akin to criminal prosecutions" are ongoing, and (3) when "civil proceedings that are uniquely in furtherance of the state court's ability to perform their judicial functions," such as contempt orders, are ongoing. *Sprint*, 571 U.S. at 73; *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368, 109 S. Ct. 2506, 105 L. Ed. 2d 298 (1989) ("*NOPSI*").

If a proceeding falls within one of the three *NOPSI* categories, then the Court must evaluate the matter using the three-factor test provided by *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). "The *Middlesex* test states that abstention may occur when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will

provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe*, 860 F.3d at 369 (citing *Middlesex*, 457 U.S. at 432-34).

The state foreclosure proceeding in this case does not fall within any of the three *NOPSI* categories. The state proceeding in this case is not a criminal proceeding, nor a civil enforcement proceeding akin to a criminal prosecution, and it does not implicate the state court's ability to perform its judicial functions. Because the state proceeding in this case does not fit into any of the *NOPSI* categories, *Younger* abstention is not warranted and Defendant's motion for *Younger* abstention is **DENIED**. *See Carter v. Barham Legal, LLC*, No. 2:17-CV-766, 2018 U.S. Dist. LEXIS 62157, *7, 2018 WL 1762443 (S.D. Ohio April 12, 2018) ("[T]he Foreclosure Action is merely a private dispute between private parties; it was neither initiated or defended by the State nor implicates any important State interest. Simply put, the Foreclosure Action is not the sort of proceeding which the *Younger* abstention doctrine was created to address.").

### b. *Colorado River* Abstention.

Abstention under *Colorado River* involves circumstances in which there are parallel court proceedings in the federal and state courts. While "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction . . . [there are] circumstances permitting the dismissal [or stay] of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration . . . ." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). These circumstances "are considerably

more limited than the circumstances appropriate for [other forms of] abstention. The former circumstances, though exceptional, do nevertheless exist." *Id.*

This principle has been recognized by the Supreme Court of the United States and the Sixth Circuit finding that, "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine,* 160 F.3d at 339 (internal citation omitted) (quoting *Colorado River,* 424 U.S. at 817). The Court in *Colorado River* explained,

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'

424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200, 1952 Dec. Comm'r Pat. 407, (1952)).

There are two basic steps that must be completed by the district court in determining whether *Colorado River* abstention is applicable. First, the district court must determine if the concurrent state and federal cases are parallel. *Romine,* 160 F.3d at 339. "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine,* 160 F.3d at 340 (internal citations and quotations omitted). In *Romine,* the Sixth Circuit held the cases were parallel where the parties were substantially similar, although not identical, and the claims against the defendants were "predicated on the same allegations as to the same material facts." *Id.; see also Equitable Gathering, LLC v. Caudill,* Case No. 7:08-216-KKC, 2009 U.S. Dist. LEXIS 82732, 2009 WL 2922859 (E.D. Ky. Sept. 10, 2009) (holding the cases parallel when parties were

substantially similar, although differing, and the case arose from the same set of facts); *Bell v. Countrywide Home Loans, Inc.,* Case No. 5:08-CV-167-JHM, 2009 U.S. Dist. LEXIS 8047, 2009 WL 260805 (W.D. Ky. Feb. 4, 2009) (holding cases parallel when the parties, claims and issues were substantially similar; "[plaintiffs] attempt to distinguish the instant case by adding different defendants and recasting his claims using additional legal theories is unavailing"); *Progressive Casualty Ins. Co. v. Franklin,* Case No. 1:05-CV-65-M, 2005 U.S. Dist. LEXIS 16334, 2005 WL 1935675 (W.D. Ky. Aug. 8, 2005) (holding cases parallel if the parties are substantially similar and the claims arise from the same material facts; found cases parallel where the substance of the claims were identical in both cases).

Cases are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action. *See E.ON U.S. Services, Inc. v. QSC Painting, Inc.,* Case No. 08-54-JBC, 2008 U.S. Dist. LEXIS 65378, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008) (finding the cases were not parallel where the central issue in the federal case will need to be decided regardless of the outcome of the state court case); *PNC Bank, National Assoc, v. Person,* Case NO. 06-292-C, 2007 U.S. Dist. LEXIS 34015, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (holding cases not parallel where resolution of the state court case will not clearly dispose of all the claims presented in the federal case). "The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the state court proceeding, as it *currently* exists, is a parallel state-court proceeding." *PNC Bank, National Assoc. v. Person,* Case No. 06-292-C, 2007 U.S. Dist. LEXIS 34015, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (citing *Baskin v. Bath Twp. Bd. Of Zoning Appeals,* 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis in original).

If the cases are parallel, then the Court must next apply the multi-factor balancing test set forth initially in *Colorado River* and expanded by later case law. *Romine*, 160 F.3d at 340-41. This balancing test includes such factors as:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. *Only the clearest of justifications will warrant dismissal [or a stay].*" *Colorado River,* 424 U.S. at 818-19 (internal citations omitted) (emphasis added). In other words,

> the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, *with the balance heavily weighted in favor of the exercise of jurisdiction*. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (emphasis added).

Assuming, *arguendo*, that the state foreclosure proceeding is parallel to this federal case, the *Colorado River* balancing test weighs in favor of exercising jurisdiction.

The first factor, whether the state court has assumed jurisdiction over any res or property, weighs in favor of abstention because the foreclosure proceeding concerns *in rem* relief and this case relates to the same mortgage that encumbers the property over which the state court has

8

assumed jurisdiction. Both parties agree that the first factor weighs in favor of abstention. (DN 5 at 7; DN 9 at 9).

The second factor, whether the federal forum is more or less convenient to the parties, weighs in favor of exercising jurisdiction. Both parties are located within the Western District of Kentucky. (DN 5 at 7). In fact, the Paducah federal courthouse is less than one hundred miles from Plaintiff's residence. (DN 9 at 9). On the other hand, the North Carolina courthouse where the state proceeding is ongoing is about six hundred miles from Plaintiff's residence. *Id.* The second factor weighs heavily in favor of exercising jurisdiction.

The third factor, avoidance of piecemeal litigation, weighs in favor of exercising jurisdiction. "Piecemeal litigation occurs when different courts adjudicate an identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341 (citing *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)). Defendant is correct that there are some overlapping issues between the two cases. For example, the question of whether a default of the mortgage occurred is an issue in both cases. But, as Plaintiff identifies, a judgment in the state foreclosure proceedings will not necessarily resolve Plaintiff's FCRA claims in this Court. The fact that Plaintiff has narrowed his complaint to include only the FCRA claim bolsters this argument. The Court therefore finds that the third factor weighs slightly in favor of exercising jurisdiction.

The fourth factor, the order in which jurisdiction was obtained, weighs in favor of abstention. The state court assumed jurisdiction over the parties and the mortgage before Plaintiff filed this federal action. In fact, Defendant filed the state court proceeding more than a year before Plaintiff filed this action.

The fifth and sixth factors, the source of governing law and the adequacy of the state court, are each neutral. The only claim in Plaintiff's First Amended Complaint is governed by federal law. Defendant argues, however, that the federal claim "hinges on whether the alleged oral agreement to defer loan payments is enforceable under North Carolina law." (DN 5 at 8). Therefore, this case will involve a mix of federal and state law. "[T]he presence of federal law issues must always be a major consideration weighing against surrender" of federal jurisdiction. *Moses H. Cone*, 460 U.S. at 26. Both this Court and the state court are competent to hear the claims in the respective proceedings, and any difference in competence is negligible. Thus, the fifth and sixth factors are neutral.

The seventh factor, the relative progress of the state and federal proceedings, weighs in favor of abstention. The state action has been ongoing for over a year while this action is still in its infancy. The eighth factor, the presence or absence of concurrent jurisdiction, is neutral. The parties do not dispute the presence of concurrent jurisdiction.

The balance of the relevant factors weighs in favor of exercising jurisdiction. Although three factors weigh in favor of abstention and only two weigh in favor of exercising jurisdiction, this decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, *with the balance heavily weighted in favor of the exercise of jurisdiction*." *Moses H. Cone*, 460 U.S. at 16 (emphasis added). Because this balancing test is heavily weighted in favor of the exercise of jurisdiction and because of the significant weight of the second factor in this case, the Court will not stay or dismiss this case. Defendant's motion for *Colorado River* abstention is **DENIED.**

**Order**

For the foregoing reasons, **IT IS HEREBY ORDERED,**

(1) Defendant's motion for abstention (DN 5) is **DENIED**; and

(2) Plaintiff's motion to amend his complaint (DN 8) is **GRANTED**. The Clerk of Court is directed to file Plaintiff's First Amended Complaint on the record. (Currently on the record as Plaintiff's Proposed Amended Complaint at DN 8-1). The Clerk of Court is also directed to issue Plaintiff's tendered summons to Defendant, Bank of America, N.A., and counsel for Plaintiff is to serve Defendant in accordance with the Federal Rules of Civil Procedure; and

(3) Defendant shall have twenty-one days from the date that Plaintiff effectuates service of the First Amended Complaint to respond.

**IT IS SO ORDERED.**

CC: Counsel of Record